R-OGERS, Justice
 

 (concurring in the decree in part).
 

 I seriously doubt whether the Governor and the Attorney General have a sufficient interest in this litigation to entitle them to become parties thereto. But whether they have or not is wholly immaterial, since the police jury as organized under Act No. 22 of the Third Extra Session of 1934 and the thirteen members added thereto under the provisions of the new statute are clearly entitled to a right of action to protect their alleged rights.
 

 The record is plain that a clash of authority has arisen between the nine defendants who are members of the police jury as originally constituted and the remaining seventeen members (thirteen by appointment and four by election) of the police jury as organized under Act No. 22 of the Third Extra Session of 1934. The question in dispute between the opposing sides is whether Act No. 22 of the Third Extra Session of 1934 is constitutional. But that question has not been raised in the case. Until the defendants have judicially assailed the constitutionality of the statute, I do not think they have any standing to object to its enforcement. I therefore concur in the decree to the extent that it orders the judge of the district court to grant a temporary injunction restraining the nine, defendants who are members of the police jury as originally constituted from interfering with the police jury as organized under the new statute.